**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CRIMINAL NO. 4:07-CR-51** |
| | § | |
| **CHERLEEN DAVIS** | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On September 28, 2007, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Cherleen Davis. Defendant consented to proceed by video conference. Defendant stated she understood that she was under oath, understood that she had a right to proceed before a United States District Judge and waived that right, understood the proceeding before her, was not under the influence of any drugs or alcohol at the time of the hearing, consulted with her attorney, was satisfied with her attorney, and was competent and ready to plead true. The government was represented by Sam Cantrell, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Federal Defender Robert Arrambide.

Defendant was sentenced on March 10, 2005, before The Honorable Barefoot Sanders of the Northern District of Texas after pleading guilty to the offense of Conspiracy to Commit Bank Fraud, a Class D felony. This offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of VI, was 30 to 37 months. Defendant was subsequently sentenced to 21 months imprisonment based on a 5K1.1 motion of the government based on the defendant's substantial assistance followed by a three (3) year term of supervised release subject to the standard conditions of release, plus special conditions to include $100 special assessment, $12,800 restitution, drug aftercare, alcohol

abstinence, mental health aftercare, no new credit, and financial disclosure. On November 22, 2006, Defendant completed her period of imprisonment and began service of the supervision term.

Jurisdiction in this case was transferred from the Northern District of Texas to the Eastern District of Texas on March 12, 2007.

Under the terms of supervised release, Defendant was subject to the following conditions that Defendant allegedly violated:

1. The defendant shall not commit another federal, state, or local crime.

2. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

3. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.

4. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.

5. The defendant shall participate in a program approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or other intoxicants during and after completion of treatment.

In its petition, the government alleges that Defendant violated her conditions of supervised release in the following ways:

1.
    a. On February 9, 2007, the U.S. Probation Office was notified by Drew Gatlin, Dallas District Attorney's Office, that the defendant was arrested for Aggravated Robbery committed on January 28, 2007.

    b. On January 8, 2007, the defendant allegedly committed Robbery in Denison, Texas. On January 13, 2007, Officer Troy Laroche of the Denison Police Department informed our office that the defendant was arrested for Robbery of the Passport Gas Station at 1420 South Austin Street, Denison, Texas.

    c. On January 16, 2007, the defendant was released on a $5000 bond and on February 21, 2007, an indictment was filed in Grayson County Court, caused number 55593-15. As of the writing, no court date is scheduled.

2 & 3. The defendant submitted urine specimens that tested positive for marijuana on November 30, 2006, cocaine on December 6, 2006, and Hydrocodone on December 21, 2006.

4. The defendant failed to report to the U.S. Probation Office for a scheduled office visit on January 8, 2007.

5.
    a. The defendant failed to call the random drug testing line on December 8, 2006, December 12, 2006, through December 16, 2006, December 18, 2006, through December 22, 2006, December 28, 2006, December 29, 2006, and during the month of January, 2007.

    b. According to counselor Keith Lang, the defendant failed to report for a scheduled

substance abuse counseling session on December 11, 2006, and has not contacted him since to schedule subsequent counseling sessions.

At the hearing, Defendant pleaded true to violating all of the above alleged conditions of supervised release. The parties provided argument regarding the appropriate sentence, and disagreed whether the term of imprisonment should be served consecutively or concurrently to an existing term of imprisonment that Defendant is currently serving.

If the Court finds by a preponderance of the evidence that Defendant committed these violations, a statutory sentence of no more than two (2) years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Section 7B1.1(b) of the Sentencing Guidelines indicates that where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. Pursuant to Section 7B1.1(a)(1) of the Sentencing Guidelines, violating a condition of supervision by committing the offenses of Robbery on January 8, 2007, and Aggravated Robbery on January 28, 2007, which are crimes of violence, would constitute a Grade A violation. Upon a finding of a Grade A violation, the Court shall revoke Defendant's term of supervised release in favor of a term of imprisonment. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade A violation is 24 months. U.S.S.G. § 7B1.4(b)(1).

Pursuant to the Sentencing Reform Act of 1984, the Court hereby **RECOMMENDS** that Defendant Cherleen Davis' term of supervised release be revoked, and that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty four (24) months to be served concurrently to the sentence of imprisonment that Defendant is currently serving, with no

supervised release to follow. Although U.S.S.G. § 7B1.3(f) states that "any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving," the statement is a policy statement, and is not binding on this Court. The Court reached this Recommendation after learning that the state court sentenced Defendant to a term of six (6) years for Defendant's Robbery conviction in Denison, Texas, which was ordered to be served concurrently with any federal sentence that would be imposed for violating her supervised release. Furthermore, Defendant has completed serving her one (1) year sentence for her conviction of Aggravated Robbery, which took place on January 28, 2007.

The Court further **RECOMMENDS** that Defendant pay restitution in the amount of $12,386 to Bank One, Account No: 56288, Attn: Corporate Security. The restitution is to be due immediately, payable by cashier's check or money order, to the United State District Court and forwarded to the United States District Clerk's Office, P.O. Box 570, Tyler, Texas 75710. The Court further **RECOMMENDS** that Defendant's obligation to pay the $100 special assessment not be waived.

The parties have waived their right to object to the findings of Magistrate Judge John D. Love in this matter so the Court will present this Report and Recommendation to District Judge Richard A. Schell for adoption immediately upon issuance.

**So ORDERED and SIGNED this 9th day of October, 2007.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

5